# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CORNELIUS SPENCER**　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #117794**

V.　　　　　　　　　No. 4:23-cv-00893-ERE

**DEXTER PAYNE,** *et al.*　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

*Pro se* plaintiff Cornelius Spencer has filed a motion for preliminary injunctive relief. *Doc. 46*. Mr. Spencer's motion alleges that Arkansas Division of Correction ("ADC") Defendants Payne, Straughn, and Jackson have retaliated against him for filing this lawsuit. He requests that the Court order Defendants: (1) not to have any contact with him; and (2) to transfer him to another ADC unit. For the reasons explained below, Mr. Spencer's motion (*Doc. 46*) is denied.

A preliminary injunction "is an extraordinary remedy," and the moving party bears the burden of showing he is entitled to such relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Finally, in prisoner cases, any prospective relief granted must be "narrowly drawn," extend "no further

necessary to correct" the Eighth Amendment violation and be the "least intrusive means necessary" to correct the constitutional violation. 18 U.S.C. 3626(a)(1)(A).

Therefore, the Court must be particularly cautious when resolving requests for injunctive relief from prisoners, especially where, as here, discovery has not been completed and the facts are still undeveloped.[1]

The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id*. Mr. Spencer's motion for preliminary injunctive relief is based on new allegations of retaliation, which occurred *after* Mr. Spencer filed this lawsuit and involves different, unidentified ADC officers. The Court will not consider any claims for retaliation in this case. If Mr. Spencer seeks to pursue a new claim for retaliation, or related injunctive relief, he must do so in a new lawsuit.

In addition, Mr. Spencer fails to allege any facts showing that he is likely to suffer irreparable harm in the absence of a preliminary injunction. This finding alone

---

[1] On January 10, 2024, the Medical Defendants filed a motion for summary judgment arguing that Mr. Spencer failed to exhaust his administrative remedies regarding his claims against them before filing this lawsuit. *Doc. 39*. Mr. Spencer has until January 31, 2024, to respond to that motion. *Doc. 42*. The ADC Defendants' motion for summary judgment raising the issue of exhaustion is due by February 18, 2024. *Doc. 44*.

requires the denial of a request for preliminary injunctive relief. See *MidBAm. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005) (before a court can "enter a preliminary injunction, it must find that the moving party would be irreparably harmed absent an injunction").

Finally, Mr. Spencer has no constitutional right to be housed in any particular ADC unit. *Manthey v. Sabol*, 80 Fed. Appx. 538, *1 (8th Cir. 2003) (unpub. per curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983)).

IT IS THEREFORE ORDERED THAT Mr. Spencer's motion for preliminary injunctive relief (*Doc. 46*) be DENIED.

DATED 23 January 2024.

_____
UNITED STATES MAGISTRATE JUDGE