# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CORNELIUS SPENCER**                                               **PLAINTIFF**
**ADC #117794**

V.                             No. 4:23-cv-893-ERE

**DEXTER PAYNE,** *et al.*                                            **DEFENDANTS**

## ORDER

### I.  Background:

*Pro se* plaintiff Cornelius Spencer, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Spencer is currently proceeding on Eighth Amendment deliberate indifference claims against Defendants ADC Director Dexter Payne, Assistant Director William F. Straughn, Warden Moses Jackson, Deputy Warden Richardson, mental health staff member Timothy Owen, mental health staff member Natasha Hammock, and case manager Gary Smith.[1] Mr. Spencer alleges that: (1) he suffers from mental health needs; (2) he has been held in solitary confinement since 2019; (3) ADC officials have denied him outdoor recreation for nearly two years; and (4) medical staff failed to provide him adequate mental health treatment while he was housed in

---

[1] **The Clerk is instructed to update the docket sheet to reflect the full names of Defendants Owen, Hammock, and Smith – Timothy Owen, Natasha Hammock, and Gary Smith.** *Doc. 32.*

solitary confinement. *Docs. 2, 29, 31*. He seeks both monetary and injunctive relief.

All Defendants have now filed motions for summary judgment, supporting briefs, and statements of facts arguing that Mr. Spencer failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 39, 40, 41, 63, 64, 65*. Mr. Spencer has now responded to the motions. *Docs. 58, 59, 60, 61, 62, 69, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81*. Both pending motions for summary judgment are ripe for review.

For the reasons stated below: (1) the Medical Defendants' motion for summary judgment (*Doc. 39*) is DENIED; and (2) the ADC Defendants' motion for partial summary judgment (*Doc. 63*) is GRANTED, in part, and DENIED, in part.

II.  **Discussion:**

   A.   **The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available

administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). By law, Mr. Spencer had to follow the ADC's requirements for raising and exhausting his pending claims against all Defendants before bringing this action.[2]

### B.     The ADC Grievance Procedure

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 41-3; Doc. 63-3*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden or Health Services Administrator within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director

---

[2]There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

within five working days of the Warden or Health Supervisor's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

To complete the exhaustion process before bringing this lawsuit, Mr. Spencer was required to present his claims against all Defendants in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

C. **Medical Defendants' Motion for Summary Judgment**

The Medical Defendants submit the declaration of Brandy Johnson, the ADC inmate Medical Grievance Supervisor, in support of their motion. *Doc. 41-1*. Ms. Johnson states that, during his incarceration, Mr. Spencer has filed 21 medical grievances. However, Mr. Spencer only fully exhausted one of those grievances, EAM-23-1167.

In grievance EAM-23-1167, Mr. Spencer complains that an unidentified nurse failed to give him his medication on July 9, 2023. *Doc. 41-2*. That factual assertion

4

is not related to any of the claims raised against the Medical Defendants in this lawsuit.

Mr. Spencer explains that, although he attempted to fully exhaust grievance EAM-23-1022, in which he identified each of the Medical Defendants' failure to address his mental health needs while housed in solitary confinement (*Doc. 59 at 1*), ADC officials failed to respond to his final appeal of that grievance.

Mr. Spencer points out that on December 2, 2022, he filed a grievance that he identifies as EAM-23-1022. *Doc. 60 at 5*. Although that grievance form does not have a formal grievance number, according to Mr. Spencer's grievance papers, on July 7, 2023, he received the Warden/Center Supervisor's response to grievance EAM-23-1022. *Id. at 3*. Mr. Spencer completed the "inmate's appeal" portion of that grievance and that appeal was received by the Inmate Grievance Supervisor Administration Building on July 12, 2023. *Id*. According to Mr. Spencer, he never received a response to his grievance appeal.

The ADC Defendants grievance papers show that on June 15, 2023, Mr. Spencer submitted grievance EAM-23-1022. *Doc. 63-7 at 1*. In that grievance, Mr. Spencer specifically alleges that Defendants Owens, Hammock, and Smith acted with "deliberate indifference" by "ignore[ing]" his condition causing his "mental illness to get worse." *Id*. Mr. Spencer fully exhausted that grievance. *Doc. 63-4 at 2*.

Viewing the facts in the light most favorable to Mr. Spencer, as the Court must at this stage, Mr. Spencer fully exhausted his administrative remedies with regard to the claims raised grievance EAM-22-1022. As a result, on this record, the Court cannot find as a matter of law that Mr. Spencer's claims against the Medical Defendants should be dismissed for failure to exhaust.

D.  **ADC Defendants' Motion for Summary Judgment**

The ADC Defendants submit the declaration of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor, in support of their motion. *Doc. 63-1*. Ms. Brown states Mr. Spencer filed three grievances relevant to Mr. Spencer's housing assignment claims raised in this lawsuit, EAM-20-2261, EAM-22-2466, EAM-23-1022, and five grievances related to Mr. Spencer's claim regarding his denial of yard call and outdoor recreation raised in this lawsuit, EAM-20-832, EAM-20-2220, EAM-23-902, EAM-23-909, EAM-23-878. *Id. at 7, 9*.

On September 18, 2020, Mr. Spencer submitted grievance EAM-20-2261. *Doc. 63-5 at 1*. In that grievance, Mr. Spencer complains that: (1) Captain Barden (a non-party) refused to release him from isolation in retaliation for writing grievances against him; and (2) Warden Lay (a non-party) and Warden Jackson (a non-party)[3] failed to adequately supervise and train Captain Barden and other unidentified ADC

---

[3] In his brief in support of his response to the ADC Defendants' motion for summary judgment, Mr. Spencer clarifies that "Warden Jackson" referenced in grievance EAM-20-2261 is not Defendant Moses Jackson. *Doc. 79 at 3*.

6

staff members. Mr. Spencer did not identify Defendants Payne, Straughn or Richardson in grievance EAM-20-2261. In addition, he did not appeal the Warden's decision to the Deputy Director. *Id. at 2*. As a result, Mr. Spencer failed to fully exhaust any claim raised against any ADC Defendant in grievance EAM-20-2261.

On December 2, 2022, Mr. Spencer submitted grievance EAM-22-2466. *Doc. 63-6 at 4*. In that grievance, Mr. Spencer complains that, when he went to classification review on September 28, 2022, Defendant Jackson told Mr. Spencer that, if he remained disciplinary free for 60 days, he would recommend that Mr. Spencer be released to general population. However, at his classification hearing on November 30, 2022, Defendant Richardson denied his request to be housed in general population. *Id*. Mr. Spencer fully exhausted this grievance. *Id. at 7*. Accordingly, he fully exhausted his claims regarding Defendant Jackson's and Defendant Richardson's denial of his requests to be housed in general population as asserted in grievance EAM-22-2466.

On June 15, 2023, Mr. Spencer submitted grievance EAM-23-1022. *Doc. 63-7*. In that grievance, he explains that: (1) he has been housed in solitary confinement since September 20, 2019; and (2) ADC officials, including Defendants Jackson and Richardson, have denied his requests to be transferred to another ADC unit or released back into general population. Mr. Spencer fully exhausted that grievance.

*Doc. 63-4 at 2*. Accordingly, he fully exhausted the claims raised against Defendants Jackson and Richardson in grievance EAM-23-1022.[4]

On April 1, 2020, Mr. Spencer submitted grievance EAM-20-832. *Doc. 63-8 at 1*. In that grievance, Mr. Spencer complains that, since he has been housed in "Max 4," he has only been to yard call one time. *Id*. Mr. Spencer does not name or refer to any Defendant in that grievance and he did not appeal the Warden's decision to the Deputy Director. *Id. at 1-2*. In his brief in support of his response to the ADC Defendants' motion for summary judgment, Mr. Spencer explains that this grievance does not relate to any of the named ADC Defendants. *Doc. 79 at 4*. It is undisputed that grievance EAM-20-832 is unrelated to this lawsuit.

On September 18, 2020, Mr. Spencer submitted grievance EAM-20-2220 complaining that he had gone more than 30 days without yard call. *Doc. 63-9 at 1*. Although he identifies Warden Jackson in that grievance, Mr. Spencer did not appeal the Warden's decision to that grievance to the Deputy Director. *Id. at 2*. In addition, in his brief in support of his response to the ADC Defendants' motion for summary judgment, Mr. Spencer explains that this grievance "does not apply to the ADC Defendants in this case." *Doc. 79 at 4*. It is also undisputed that grievance EAM-20-2220 also is unrelated to this lawsuit.

---

[4] As previously discussed, Mr. Spencer also fully exhausted the claims raised against the Medical Defendants included in grievance EAM-23-1022.

8

On May 22, 2023, Mr. Spencer submitted grievance EAM-23-902 complaining that he had been assigned to restrictive housing and isolation for two years and he had not been provided any type of outdoor recreation during that time. *Doc. 63-10 at 3*. Although Mr. Spencer did not identify any Defendant by name or title in that grievance, Defendant Jackson investigated the claims raised in grievance EAM-23-902 and determined that "due to the shortage of staff, yard call is not conducted. Yard call will be conducted when enough staff is available to assist in [a] safe and secure manner." *Id. at 4*. Prison officials could have rejected grievance EAM-23-902 based on Mr. Spencer's failure to identify the personnel involved, but they did not. As a result, the ADC Defendants are precluded from arguing that Mr. Spencer failed to fully exhaust his administrative remedies with regard to the claims raised in grievance EAM-23-902. See *Hammett v. Cofield*, 681 F.3d 945, 948 (8th Cir. 2012) (holding that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits"); see also *Bower v. Kelley*, 494 Fed. Appx. 718 (8th Cir. Dec. 13, 2012) (per curiam).

On June 22, 2023, Mr. Spencer submitted grievance EAM-23-909. *Doc. 63-11 at 1*. That grievance was rejected.[5] *Id. at 2*. Accordingly, Mr. Spencer did not fully exhaust any claim raised in grievance EAM-23-909.

---

[5] The Court notes that, according to the grievance papers submitted by the ADC Defendants, that rejection was dated June 6, 2023. *Doc. 63-11 at 2; Doc. 63-4 at 2*. However, it is unclear how the rejection predates the date that Mr. Spencer originally submitted this

On October 31, 2023, Mr. Spencer filed grievance EAM-23-1878 again complaining that he had not been provided outdoor recreation since his assignment to restrictive housing. *Doc. 63-12 at 1*. Mr. Spencer filed that grievance after he filed this lawsuit on September 25, 2023. *Doc. 2*. Even if Mr. Spencer fully exhausted the claims raised in grievance EAM-23-1878, he failed to do so *before* filing this lawsuit. Consequently, those claims are not exhausted. See *Johnson v. Jones*, *supra*.

In his brief in response to the ADC Defendants' motion, Mr. Spencer argues that he could not exhaust his administrative remedies in a timely manner because ADC officials failed to timely respond to his grievances. *Doc. 72 at 4-5*. However, the ADC inmate grievance procedure specifically provides that an inmate may move to the next level of the grievance process if he fails to receive a timely response from ADC officials. *Doc. 63-3 at 8, 11*. In addition, Mr. Spencer fails to allege any specific facts to support this argument.

Mr. Spencer also argues, in his response to the ADC Defendants' statement of undisputed facts, that he failed to name Defendants Director Payne, Assistant Director Straughn, Warden Jackson, and Deputy Warden Richardson in some of his grievances because they are being sued in their official capacity, rather than their personal capacity, and they did not become aware of the alleged constitutional violations until he filed the grievances at issue. *Doc. 73 at 2-3*. However, regardless

---

grievance.

of what capacity Mr. Spencer is suing these Defendants, the PLRA requires Mr. Spencer to fully exhaust all claims against each Defendant before filing a lawsuit. Moreover, these Defendants' participation in the grievance process is insufficient to establish liability under 42 U.S.C. § 1983. *Rowe v. Norris*, 198 Fed. Appx. 579, *1 (8th Cir. 2006) (unpub. per curiam).

Based on the evidence presented, Mr. Spencer failed to fully exhaust any claim against Defendants Payne and Straughn regarding his continued assignment to solitary confinement. However, on this record, the Court cannot conclude that the ADC Defendants have carried their burden of proving that Mr. Spencer failed to fully exhaust his administrative remedies with regard to his remaining claims against the ADC Defendants.

### III. <u>Conclusion</u>:

IT IS THEREFORE ORDERED THAT:

1. The Medical Defendants' motion for summary judgment (*Doc. 39*) is DENIED. Mr. Spencer may proceed on his clams against the Medical Defendants raised in grievance EAM-23-1022.

2. The ADC Defendants' motion for summary judgment (*Doc. 63*) is GRANTED, in part, and DENIED, in part.

3. Mr. Spencer may proceed on his claims against the ADC Defendants regarding: (1) his continued housing in solitary confinement raised against

Defendants Jackson and Richardson raised in grievances EAM-22-2466 and EAM-23-1022; and (2) his denial of yard call or outdoor recreation raised in grievance EAM-20-902.

So Ordered 9 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE